**[63ord03]** [Order Establishing Duties]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                Case No. 6:14–bk–02843–ABB
                                                                      Chapter 13

Pouria Bidhendi
1012 Marabon Avenue
Orlando, FL 32806

_____Debtor(s)_____/

ORDER ESTABLISHING DUTIES OF TRUSTEE AND DEBTOR,
AND CONFIRMATION PROCEDURES, ORDERING DEBTOR'S
COMPLIANCE, ALLOWING ADMINISTRATIVE EXPENSES,
AND ORDERING ADEQUATE PROTECTION PAYMENTS

**Failure to timely comply with paragraphs 4(a) and/or 4(b) may result in
dismissal of this case without further notice or hearing.**

   THIS CASE came on for consideration upon the filing of a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code by the above captioned debtor. Pursuant to the procedures established by this Court the following is hereby ordered:

   1. The Clerk of the Court shall schedule a meeting of creditors pursuant to 11 U.S.C. §341(a) no later than forty (40) days from the date the petition is filed.

   2. The Clerk is directed to schedule an initial Chapter 13 confirmation hearing between 20 and 45 days after the date set for the meeting of creditors. At the initial confirmation hearing, the Court will consider confirmation of a consensual Chapter 13 plan. If any contested objections, motions, or other matters are filed by any party, or if any other reason exists to temporarily defer confirmation, the Court will set a continued confirmation hearing in the future approximately 161 days following the date the petition was filed.

   3. All pending motions, including any pending motion to dismiss, will be considered at the continued confirmation hearing. In addition, any objection to claim filed more than thirty–five (35) days prior to the initial confirmation hearing and served in compliance with Fed R. Bankr. P. 7004 and Local Rule 3007–1(b) will be heard at the continued confirmation hearing without further notice.

   4. Pending confirmation of a plan, as a condition of the use of property of the estate that is subject to a security interest, the debtor shall provide the following which, taken collectively, shall constitute adequate protection to each such secured creditor:

      (a) The debtor shall file a plan that complies with 11 U.S.C. §1322 no later than fourteen (14) days from the date of filing the Chapter 13 petition commencing this Chapter 13 case, shall serve a copy of the plan on all creditors and parties in interest using a current mailing matrix obtained from the clerk, and promptly file a certificate of such service. All creditors must receive payment under the plan unless: (1) the payment is to a secured creditor, no defaults or arrears exist, the debtor was making payments to the secured creditor by automatic withdrawals for at least six

months before this bankruptcy case was filed, and the Chapter 13 Trustee consents; or (2) after motion, notice, and hearing, the Court orders otherwise.

**Please note the following:**

**Failure to timely file a Chapter 13 plan by March 27, 2014, may result in an order dismissing this case without further notice or hearing.**

(b) Pursuant to Fed. R. Bankr. P. 1007, the debtor has fourteen (14) days from the date of the filing of the petition to file the required lists, statements of affairs, schedules, and submit payment advices to the trustee. In addition, if applicable, the attorney for the debtor shall file a disclosure of compensation within fourteen (14) days from the filing of the petition.

**Please note the following:**

**Failure to timely file and properly serve these documents by March 27, 2014, may result in an order dismissing this case without further notice or hearing. The following items are missing and should be filed and properly served by the above–indicated date:**

**Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data (Official Form B6)**

**Required Schedules and Statement of Affairs**

**Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form B22C)**

(c) No Later than (30) days after the petition date, the debtor will commence making all payments to the trustee proposed by the plan or any amended plan, as directed by further order of the court. Failure of the Chapter 13 Trustee to timely receive any payment may result in the dismissal of the case. **All payments received by Laurie Weatherford, Trustee at Post Office Box 1103, Memphis, TN 38101–1103, must be made by cashier's check or money order. Each payment shall include the debtor's name(s), legibly printed, and the correct case number. If the debtor's income increases during the pendency of this Chapter 13 case, the debtor must commit the excess disposable income to the plan for the benefit of the debtor's creditors.**

(d) All payments on secured claims to secured creditors proposed in the plan or any amended plan filed in this case are allowed as costs and expenses of preserving the estate within the meaning of 11 U.S.C. §503(b)(1)(A).

(e) The payments to secured creditors described in subparagraph (d), above and holders of allowed administrative claims shall be accumulated and held in trust for the benefit of the respective secured and administrative creditors by the trustee from the funds paid to the trustee by the debtor (the "trust funds"). The trustee shall disburse the accumulated trust funds to the respective secured and administrative creditors not later than the occurrence of the first of the following events;

(1) confirmation of a plan;

(2) dismissal of the case;

(3) notwithstanding the provisions of 11 U.S.C. §726(b), conversion of this case to a case under another chapter of the Bankruptcy Code.

(f) In addition, the trustee shall disburse monthly the accumulated trust funds to each secured creditor beginning on the first timely payment by the debtor following the filing of the petition provided that:

(1) the plan or any amended plan provides for payment to the secured creditor;

(2) the secured creditor has filed a proof of claim in support of its claim and has served the trustee, the debtor and the debtor's attorney, if applicable, with a copy of the proof of claim; and,

    (3) no objection to the proof of claim is pending or the debtor consents to the disbursement.

  (g) If any secured creditor timely files a proof of claim after sixty−three (63) days from the filing of the petition, then, provided that the provisions of 5 (f) (1) − (3) of this order have been met, within forty−five (45) days after the filing of such proof of claim, the trustee shall disburse any applicable trust funds to that secured creditor.

  (h) All funds held by the trustee because of payments by the debtor as required by subparagraph (c) above, shall be disbursed by the trustee in accordance with the provisions of 11 U.S.C. §1326 unless otherwise provided by this or other order of this Court.

  (i) The debtor is directed to make all pre−confirmation adequate protection payments directly to the Chapter 13 trustee (and not to the respective creditor) for distribution in accordance with this order.

5. If the debtor surrenders property, creditors holding secured interests in the surrendered property may seek in rem relief from the automatic stay without payment of the related filing fee provided the motion is served by negative notice and is titled: Motion for Relief from Stay by Consent (Surrendered Property). Debtors are directed to promptly surrender property within seven (7) days of expressing an intent to surrender.

6. No more than fourteen (14) days after the claims bar date, or within 21 days of the filing of an amended or late proof of claim if filed after, the debtor or the attorney for the debtor shall examine the claims filed in this case. If it is necessary to conform to the filed claims, the debtor or debtor's attorney shall:

  (a) file an amended plan if the plan has not been confirmed

  (b) file a motion to modify the confirmed plan or

  (c) object to the nonconforming claims.

The debtor or attorney for the debtor shall serve a copy of the amended plan, motion to modify a confirmed plan or any objection to claims upon the trustee, the creditors and all other parties in interest, and promptly file a certificate of such service.

7. Debtors' counsel may be required to disgorge fees paid in this case, upon proper motion, notice, and hearing, if debtor's counsel does not comply with the requirements of paragraph 6 within fourteen (14) days of the claims bar date.

8. Consistent with Fed. R. Bankr. P. 2016(b), debtors' counsel must file supplemental disclosures for all payments received from the debtor after this case is filed. Failure to file the required disclosures may result in the disgorgement of fees paid.

In the event debtor's case is dismissed prior to all agreed upon attorney fees having been paid and subject to the right of any party in interest to object, debtor's counsel shall be entitled (prior to confirmation) to 60% of his/her total fee and after confirmation of the case to all agreed upon fees, less any amounts for monitoring tax returns for future years. No payment shall be made to the debtor until after the attorney fees are paid.

9. <u>Filing of Tax Returns.</u> No later than thirty (30) days from the date of this order, the debtor shall file with the appropriate agency any delinquent federal or state tax returns for any tax period. The debtor shall simultaneously provide a copy to the Chapter 13 standing trustee.

Prior to the scheduled meeting of creditors, the debtor is are directed to provide to the Chapter 13 Trustee copies of federal tax returns for the three years preceding the filing of this case.

During the pendency of this case, debtor further is directed to file tax returns and provide copies of federal tax returns to the Chapter 13 Trustee at the same time the returns are filed.

10. Extension of Time to File Objection to Claim of Exemption in the Case of Conversion of a Chapter 13 Case. In order to assure the proper administration of the case in the event this case converts from Chapter 13 to Chapter 7 or Chapter 11, pursuant to 11 U.S.C. §105, the court extends the time for the Chapter 13 Trustee or any other party in interest to file an objection to the list of property claimed as exempt. A party in interest may file such objection (i) within 30 days after the meeting of creditors held under 11 U.S.C. §341(a) is concluded following any conversion of this case to a case under Chapter 7 or Chapter 11, or (ii) within 28 days after any amendment to the list or supplemental schedules is filed, whichever is later, unless, before the time to object expires, a party in interest files a request for an extension.

  DONE AND ORDERED on March 18, 2014 .

_____
Arthur B. Briskman
United States Bankruptcy Judge